# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Nadezhda V. Wood,<br><br>    Plaintiff<br><br>v.<br><br>Sergey Kapustin, Irina Kapustina, Mikhail Goloverya, Global Auto, Inc., G Auto Sales, Inc., Effect Auto Sales, Inc.,<br>    Defendants | CASE NO. _____<br><br>Judge:<br>Magistrate Judge:<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

    Plaintiff Nadezhda "Nadia" Wood hereby does apply, on an ex parte basis, for an entry of a temporary restraining order and, upon expiration of the temporary restraining order, a preliminary injunction against Defendants ordering them to cease using Nadia Wood's name and logo and displaying websites that feature them, to enjoin them from registering websites that incorporate her name, and from making disparaging remarks about Nadia Wood. In addition, Nadia Wood seeks an entry of order ordering the domain name registrar GoDaddy.com, Inc. to immediately redirect the Subject Domain Names to her legitimate website and lock them to prevent further modification and changes.

    Good cause exists for these orders. As set forth in the Complaint and the Memorandum of Law accompanying this motion, Defendants are operating websites that willfully and intentionally infringe on Plaintiff's intellectual

1

property rights and make defamatory statements. These websites use domain names that are confusingly similar to the professional website used by attorney Nadia Wood as advertisement for her law practice. These websites incorporated the service mark "Nadia Wood," use the logo copied from the legitimate website, and use the same design elements as protected trade dress on Nadia Wood's website. In sum, these websites operated by Defendants are deceiving as to the affiliation, connection, and association with the original website NadiaWood.com and are likely to cause confusion and mistake among the website visitors. The number of these visitors, according to the visitor counter on the website, exceeds 1,600 people in the three weeks since registration. That means roughly 80 people each day visit the website with defamatory information featuring infringing logo and service mark.

    The injury to Nadia Wood's reputation by the continued operation of these websites is ongoing and immediate. After all, a person's reputation is everything. Nadia Wood worked hard to build hers, but she needs the assistance of this Court to protect it from further damage.

    Therefore, Nadia Wood respectfully requests this Court grant this application and enter a temporary restraining order, and schedule a hearing in July on Plaintiff's Application for Preliminary Injunction before the expiration of the Temporary Restraining Order.

Dated: June 19, 2013                                              Respectfully submitted,

*/s Nadia Wood*

Nadia Wood, Attorney at Law
(#391334)
500 Laurel Avenue,
Saint Paul, MN 55113

Phone: (612) 568-5298
Fax: (651) 344-0870
Email: Law@NadiaWood.com

**Pro Se Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nadezhda V. Wood, | CASE NO. _____ |
| Plaintiff | Judge:<br>Magistrate Judge: |
| v. | |
| Sergey Kapustin, Irina Kapustina, Mikhail Goloverya, Global Auto, Inc., G Auto Sales, Inc., Effect Auto Sales, Inc., | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Defendants | |

Attorney Nadia Wood is suing Defendants for copyright, service mark, and trade dress infringement, cybersquatting, cyberpiracy, and defamation. As alleged in the Verified Complaint, Defendants are using Nadia Wood's copyrighted logo and service marks on three websites, NadiaWood.net, NadiaWoodLaw.com, and NadiaWoodBlackmailer.com (hereinafter "Subject Domain Names.") All three websites incorporate Nadia Wood's name, use her logo, and the unique look of her professional website NadiaWood.com, and therefore, are likely to cause confusion with Nadia Wood's professional website advertising her attorney services.

Defendants' unlawful activities have caused and will continue to cause irreparable harm to Nadia Wood's business and reputation. Defendants should not be permitted to continue these unlawful activities and should be enjoined. Due to the urgency of this issue, Nadia Wood relies on factual allegations in her Verified Complaint in lieu of statement of facts in this memorandum.

1

**TABLE OF CONTENTS**

**ARGUMENT** ................................................................................................. 3

   **A.**   **A Temporary Restraining Order is Essential to Prevent Immediate Injury.** ........................................................................................................ 3

   **B.**   **Standard for Temporary Restraining Order and Preliminary Injunction Is Met Here.** ............................................................................ 6

      1.   Nadia Wood is likely to succeed on the merits ................................. 6

      2.   Nadia Wood is suffering irreparable injury ........................................ 9

      3.   The balance of harms tips sharply in Nadia Wood's favor ................ 10

      4.   The Relief Sought Serves the Public Interest .................................... 10

   **C.**   **The Equitable Relief Sought is Appropriate** ............................... 11

      1.   A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Illegal Use of the Nadia Wood's Name, Logo, Trade Dress, and Service Marks is Appropriate. ....................................................... 12

      2.   Entry of an Order Redirecting and Disabling the Subject Domain Names is Appropriate. ................................................................................ 13

**ARGUMENT**

A temporary restraining order should be issued in this case to prevent immediate injury because all four factors of the *Dataphase* test are met here; this Court and other courts fashioned similar immediate relief for plaintiffs in similar circumstances. This brief addresses each of this issues in turn.

**A.   A Temporary Restraining Order is Essential to Prevent Immediate Injury to Nadia Wood's Business and Reputation.**

Rule 65(b) of the Federal Rules of Civil Procedure provides, in part, that a temporary restraining order may be granted without written or oral notice to the opposing party or that party's counsel where "specific facts in . . . a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The Rule also requires a statement about efforts made to give notice.

With every passing day about 80 more people are exposed to false statements about Nadia Wood on look-alike websites, which are likely to confusion as to affiliation, connection, and association with Nadia Wood's professional websites. The Subject Domain Names were registered on May 25, 2013; according to the visitor counter displayed on NadiaWood.net, more than 1,600 people viewed the page. The TRO is necessary to prevent the ongoing injury to Nadia Wood's business and reputation that results from operation of these websites. Nadia Wood does not have an adequate remedy at law to compensate her for an ongoing injury to her reputation.

To provide Defendants with notice, Nadia Wood will email .pdf files of the Complaint and the Application for TRO to the email address InvestigateNadiaWood@gmail.com prominently displayed on the defamatory website NadiaWood.net. On June 12, 2013, Nadia Wood received an email from InvestigateNadiaWood@gmail.com addressed to InvestigateKapustin@gmail.com listing the Subject Domain Names. (Ex. 1 attached to Second Decl. of Nadia Wood.) This email alerted Nadia Wood to the existence of infringing website; this email also indicates that the email address InvestigateNadiaWood@gmail.com is functional and is being used by the domain name owner.

Although the Eighth Circuit has yet to address this issue, the Ninth Circuit has held that in the context of a lawsuit challenging online trademark infringement, e-mail notice is often the most reasonable way of assuring that defendant domain name owners receive notice. *See Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002); *see also Popular Enterprises. LLC v. WEB COM Media Group*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004). Of course, in this Court, as in many federal courts, pleadings, motions, and other notices are now routinely served via email using CM/ECF system. Therefore, Nadia Wood asks that the court hold that the notice of the TRO to the domain name owner can be properly given via email. Nadia Wood will also attempt traditional service of the Complaint and Application for TRO governed by the provisions of the Federal Rules of Civil Procedure, but since Defendants are out-of-state, this service may take some time.

In the absence of a temporary restraining order, Defendants can and most likely will significantly alter the status quo before the Court can determine the parties' respective rights. Specifically, the Internet websites at issue are under the complete control of the Defendants. Thus, the Defendants have the ability to modify registration data and content, change hosts, and redirect traffic to other websites they control.

This Court should prevent an injustice from occurring by issuing a temporary restraining order which precludes Defendants from continuing to display their infringing content via the websites operating under the Subject Domain Names. Only such an order will prevent ongoing irreparable harm and maintain the status quo. In a case with virtually identical facts, TRO and preliminary injunction were appropriately granted when a cybersquatter registered domain names substantially similar to the name of a local Minnesota law firm, infringed on trademarks owned by that law firm, and misappropriated names and likeness of the law firm's partners. *Faegre & Benson, LLP v. Purdy*, 447 F. Supp. 2d 1008 (D. Minn. 2006) (Davis, C.J.). In that case, the preliminary injunction was appealed to the Eighth Circuit and the Eighth Circuit affirmed, holding that the injunctive relief was properly ordered by the district court. *Faegre & Benson, LLP v. Purdy*, 129 Fed.Appx. 323 (8th Cir. 2005). This Court should grant similar immediate injunctive relief to this attorney.

**B. Standard for Temporary Restraining Order and Preliminary Injunction Is Met Here.**

The standard for obtaining a temporary restraining order and the standard for obtaining a preliminary injunction are the same. *Calleros v. FSI Intern., Inc.*, 892 F. Supp. 2d 1163, 1167 n.5 (D. Minn. 2012). A district court should evaluate four considerations when determining whether to issue a preliminary injunction: (1) likelihood of success on the merits; (2) the threat of irreparable harm in the absence of injunctive relief; (3) the balance between that harm and the harm injunctive relief would cause Defendants; and (4) the public interest. *Id.*; *see also Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Nadia Wood can establish all four relevant factors. Accordingly, injunctive relief is appropriate.

    **1. Nadia Wood is likely to succeed on the merits**
        **a) Nadia Wood is likely to succeed on her copyright infringement claim**

To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 548 (1985). Nadia Wood owns a valid copyright in the logo displayed in its entirety on the domain name NadiaWood.net. The operators of the defamatory site did not just copy "constituent elements," they copied the entire image with black header, and uploaded it for display on their website. Therefore, Nadia Wood is likely to succeed on her copyright infringement claim.

### b) Nadia Wood is likely to succeed on her claims of service mark and trade dress infringement in violation of the Lanham Act and Minn. Stat. § 333.28

Likewise, the elements of service mark and trade dress infringement are easily satisfied here. The key test for service mark and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as Minn. Stat. § 333.28, is whether the public is likely to be deceived or confused by the similarity of the marks or trade dress at issue. *Prufrock Ltd., Inc. v. Lasater*, 781 F.2d 129, 132 (8th Cir. 1986); *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 569 F.3d 383, 386, 387 n.2 (8th Cir. 2009). The infringing website NadiaWood.net uses the same logo and has the same look as NadiaWood.com and KapustinCars.com; the infringing website uses the same colors and image and header layout. Furthermore, the infringing website even uses the address of the professional website, NadiaWood.com, in the title and the footer, further enhancing likelihood of confusion (see illustration below).



**Illustration 1: Website NadiaWood.net displays NadiaWood.com in the title above the actual URL, creating confusion as to which website the person has reached in response to a search engine inquiry.**

Because likelihood of confusion is substantial here, Nadia Wood is likely to succeed on her service mark and trade dress infringement under the Lanham Act, as well as service mark infringement under Minn. Stat. § 333.28.

### c) Nadia Wood is likely to succeed on her cybersquatting claim against Defendants

Nadia Wood is also likely to succeed on her claim under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). The ACPA provides in relevant part that

> A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark . . . and (ii) registers, traffics in, or uses a domain name that—
> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

15 U.S.C. § 1125(d)(1)(A).

This Court, in similar circumstances, found that registering domain names similar to the law firm's name constitute cybersquatting in violation of 15 U.S.C. § 1125(d)(1). *See Faegre & Benson, LLP v. Purdy*, 447 F.Supp.2d 1008, 1013 (D. Minn. 2006.) Here, Defendants registered the domain names that are substantially similar or nearly identical to Nadia Wood's name, which is a registered service mark in Minnesota and is also used as a URL address for her professional website, NadiaWood.com. Defendants made this registration in bad faith, with intent to divert traffic from the legitimate website, and Defendants profit from these websites by deterring Nadia Wood from helping victims of an international fraud scheme ran by Defendants.

### d) Nadia Wood is likely to succeed on her defamation claims

"To establish a defamation claim, a plaintiff must prove three elements: (1) the defamatory statement is communicated to someone other than the

8

plaintiff, (2) the statement is false, and (3) the statement tends to harm the plaintiff's reputation and to lower the plaintiff in the estimation of the community." *Bahr v. Boise Cascade Corp.*, 766 N.W.2d 910, 919–20 (Minn. 2009). The defamatory statements at issue in this case that Nadia Wood is not an attorney and that she is committing crimes have all been communicated on Internet websites accessible to the world at large; the statements were false; and they hurt Nadia Wood's reputation and lowered Nadia Wood in the estimation of the community. Therefore, Nadia Wood is likely to succeed on her defamation claims as well.

### 2. Nadia Wood is suffering irreparable injury

As discussed above and in the Complaint, a likelihood of consumer confusion exists here, because Defendants are engaged in continuous infringing activity using Nadia Wood's service mark and logo on their websites, which are indistinguishable from the ones used on her professional websites. According to Defendants' own page counter, their website received 1,600 views in under a month. With approximately 80 visitors per day to a defamatory website infringing on her intellectual property, Nadia Wood continues to suffer irreparable injury to her business and reputation as Defendants are allowed to continue their infringing activities.

What's more, in copyright infringement cases, the general rule is that a showing of a prima facie case raises a presumption of irreparable harm. *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986). A prima facie case of infringement is established by showing that Plaintiff owns a valid

9

copyright, and that Defendants copied it. *Antioch Co. v. Scrapbook Borders, Inc.*, 291 F. Supp. 2d 980, 986 (D. Minn. 2003). Here, there is no dispute that Nadia Wood owns copyright to the logo copied in its entirety and displayed on the infringing NadiaWood.net site. Therefore, the Court must presume irreparable harm for the purposes of a TRO and a preliminary injunction motion.

### 3. The balance of harms tips sharply in Nadia Wood's favor

Nadia Wood has expended substantial time, effort, and money to design her logo, her website, and most importantly, to build goodwill and reputation in the legal community among attorneys and clients alike. Should Defendants be allowed to continue operate the websites, Nadia Wood will suffer substantial damage to her reputation. To the contrary, Defendants will suffer no legitimate hardship in the event a temporary restraining order and a preliminary injunction are issued, because the Defendants have neither the legal or equitable right to engage in their present infringing and defamatory activities.

### 4. The Relief Sought Serves the Public Interest.

The Defendants are engaging in wrongful activities and are directly misleading the public regarding their association with Nadia Wood and the quality of her work. These are not websites by former clients complaining about a service that Nadia Wood provided; these are websites created by people being sued by Nadia Wood's clients. The websites are designed to lower Nadia Wood's standing in the legal community and the eyes of the potential clients, and attack that standing and reputation by making explicit false statements. The

public deserves the right not be misled by these false statements and falsely created association.

Plus, this Court has repeatedly recognized that the public interest is promoted by "preventing customer confusion and infringement of trademarks." *Buffalo Wild Wings Intern., Inc. v. Grand Canyon Equity Partners, LLC*, 829 F. Supp. 2d 836, 847 (D. Minn. 2011). The websites are infringing on Nadia Wood's service mark in a way that creates consumer confusion, therefore, the public interest would be promoted by preventing any further confusion.

### C.   The Equitable Relief Sought is Appropriate

The Copyright Act authorizes courts to issue injunctive relief "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. In addition to injunctive relief for copyright infringement, Minnesota courts have authorized immediate injunctive relief in cases involving the unauthorized use of trademarks, including service marks like the one at issue in this case. This relief is necessary because "[t]he state has a compelling interest in protecting property interests in trade names." *Prolife Minnesota v. Minnesota Pro-Life Committee*, 632 N.W.2d 748, 753 (Minn. Ct. App. 2001) (affirming issuance of TRO). Likewise, this Court has stated that "[t]he public interest favors protecting trademarks and tradenames and preventing misrepresentations to consumers." *Bel Canto Design, Ltd. v. MSS HiFi*, 813 F. Supp. 2d 1119, 1126 (D. Minn. 2011) (extending TRO); *Faegre & Benson, LLP v. Purdy*, 367 F. Supp. 2d 1238 (D. Minn. 2005) (holding defendant in violation of TRO by controlling

and posting web pages at the domain names confusingly similar to a name of a Minnesota law firm).

The Defendants copied and are displaying on their website copyrighted logo that belongs to Nadia Wood. Further, "Nadia Wood" is a registered service mark in the State of Minnesota, and the State has an interest in protecting it, as well as protecting the goodwill associated with Nadia Wood's name by issuing a TRO.  Therefore, the following two orders are necessary to prevent and restrain copyright and trademark infringement in this case.

### 1. A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Illegal Use of the Nadia Wood's Name, Logo, Trade Dress, and Service Marks is Appropriate.

Nadia Wood requests an order requiring the Defendants to

(1) immediately cease all use of the Nadia Wood's name, logos, service mark "Nadia Wood," whether written in the distinct script or not, or trade dress, as well as use of substantially similar logos, services marks or trade dress; and

(2) immediately cease display of any websites displaying logo, name, service marks, or trade dress with elements as defined in the Complaint, or substantially similar marks, logos, and trade dress; and enjoining the Defendants from

(3) registering domain names that incorporate the words "Nadia Wood" or are substantially similar to the registered domain name NadiaWood.com; and

(4) making disparaging remarks about Nadia Wood.

Such relief is necessary to stop the ongoing harm to Nadia Wood's marks and goodwill. In addition, second order directed to a third party is also necessary.

### 2. Entry of an Order Redirecting and Disabling the Subject Domain Names is Appropriate.

In domain name trademark cases, many courts have recognized that an interim order redirecting, transferring, disabling, or canceling the offending domain names often may be the only means of affording plaintiff interim relief that avoids irreparable harm. *See, e.g., Louis Vuitton Malletier, S.A. v. 1854louisvuitton.com*, No. 2:11–cv–00738, 2012 WL 2576216, (D. Nev. July 3, 2012) (temporary restraining order issued ordering that the Registrar set the domains to redirect to plaintiffs publication website and thereafter placing domain on lock status, preventing the modification or deletion of the domain by the registrar or the defendant); *Tiffany (NJ), LLC v. 925LY.Com*, No. 2:11–cv–00590, 2011 WL 2118634 (D. Nev. May 25, 2011) (same).

Accordingly, in order to redirect the Subject Domain Names, Nadia Wood requests the Court enter an order requiring GoDaddy.com, Inc., the registrar which maintain the Top Level Domain ("TLD") Zone files for the Subject Domain Names, to

(1) institute immediate domain name forwarding from Subject Domain Names to legitimate website http://www.NadiaWood.com; and, after GoDaddy.com, Inc. makes that change,

(2) to place the domains into a REGISTRY-HOLD status to prevent future modification or deletion of the Subject Domain Names by either Defendants or Registrar.

The effect of this redirection will be that upon typing the domain names registered to cybersquatters at NadiaWood.net, NadiaWoodBlackmailer.com, and NadiaWoodLaw.com, the legitimate website NadiaWood.com will appear. The Subject Domain Names themselves would remain in the legal ownership of the Defendants, but they would no longer be able to display the infringing website content at issue in this matter. This is the most effective way to prevent further damage to Nadia Wood's business and reputation and restore some of the website traffic to the legitimate website.

## CONCLUSION

The immediate relief in similar circumstances has been previously afforded to a Minnesota law firm Faegre and Benson. *Faegre & Benson, LLP v. Purdy*, 447 F. Supp. 2d 1008 (D. Minn. 2006) (order entering permanent injunction and discussing existing preliminary injunctions). Although Nadia Wood's service mark has not achieved the level of recognition of Faegre & Benson's marks, it is nonetheless distinctive and is protected by numerous federal and Minnesota laws, as well as common law. Nadia Wood has been using her name in commerce for three years, it is registered as a service mark in Minnesota, and the federal registration is pending. Nadia Wood has been using the copyrighted logo on her letterhead, business cards, and website, and Defendants have willfully copied it and are displaying it on their website with a confusingly similar domain name.

Nadia Wood needs assistance of this Court to protect her intellectual property and goodwill associated with her name, and therefore asks this Court to enter a temporary restraining order and set a hearing for preliminary injunction before the expiration of the temporary restraining order.

Dated: June 19, 2013                                             Respectfully submitted,

*/s Nadia Wood*

Nadia Wood, Attorney at Law (#391334)
500 Laurel Avenue,
Saint Paul, MN 55113
Phone: (612) 568-5298
Fax: (651) 344-0870
Email: Law@NadiaWood.com

**Pro Se Plaintiff**