UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-1495(DSD/TNL)

Nadezhda V. Wood,

        Plaintiff,

v.                                                    **ORDER**

Sergey Kapustin, Irina Kapustina,
Mikhail Goloverya, Global Auto,
Inc., G Auto Sales, Inc., Effect
Auto Sales, Inc.,

        Defendants.

Nadezhda V. Wood, Esq., 500 Laurel Avenue, St. Paul, MN
55102.

Nicholas M. Wenner, Esq., Boris Parker, Esq. and Parker
& Wenner, 100 South Fifth Street, 2100 Fifth Street
Towers, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion to dismiss by
defendants.[1] Based on a review of the file, record and proceedings
herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This dispute arises out of pro se plaintiff Nadezhda V. Wood's
representation of nonparties Igor Glazunov and Irina Glazunova
(collectively, nonparty plaintiffs) in an unrelated matter.  Wood
is an attorney practicing in St. Paul, Minnesota.  Ver. Compl.

---

[1] Defendants include Sergey Kapustin, Irina Kapustina, Mikhail
Goloverya, Global Auto, Inc., G Auto Sales, Inc. and Effect Auto
Sales, Inc.

¶ 14.   Wood represents the nonparty plaintiffs in an action currently pending in the Eastern District of New York. Id. ¶ 18.

In January 2013, the nonparty plaintiffs, who are Russian citizens, wired money to defendant G Auto Sales, Inc. (G Auto) as payment for an automobile. Id. ¶ 17. The nonparty plaintiffs never received the vehicle and Wood sent demand letters to G Auto and defendant Mikhail Goloverya, as President of G Auto. Id. ¶¶ 17-18. Defendant Sergey Kapustin responded, claiming to be negotiating on behalf of Goloverya. Id. ¶ 19. To date, Wood and the nonparty plaintiffs have been unsuccessful in obtaining the vehicle or a refund. Id. ¶ 23.

Thereafter, Glazunov posted on an online forum about his transaction with G Auto. Id. ¶ 24. Several forum users shared similar experiences with G Auto, defendant Global Auto, Inc. (Global Auto) and defendant Effect Auto Sales, Inc. (Effect Auto). Id. After being alerted to the additional complaints, Wood registered a website, KapustinCars.com, to collect information from additional individuals claiming to be victimized by defendants.

Id. ¶ 31.  KapustinCars.com includes a header and logo[2] depicting Wood's name and likeness.  Id. ¶ 32.  Wood uses the same header and logo on her law firm website, NadiaWood.com.[3]

Wood posted a link to KapustinCars.com on the online forum. Id. ¶ 38.  In response, Kapustin issued a takedown notice for KapustinCars.com, pursuant to the Digital Millennium Copyright Act (DMCA).  Id. ¶ 40.  The website host reviewed the takedown notice, found no violation of the DMCA and declined to take further action. Id.

Thereafter, Global Auto registered the domain names NadiaWoodBlackmailer.com and NadiaWoodLaw.com.  Id. ¶ 41.  Each website redirects to NadiaWood.net, an anonymously-registered domain.  Id.  At the time Wood filed suit, NadiaWood.net displayed Nadia Wood's logo and Minnesota business address and included the header "InvestigateNadiaWood@gmail.com."  Id. ¶ 43.  The page read:

---

[2] Wood asserts that she has a copyright application pending with the United States Copyright Office for this logo.  Ver. Compl. ¶ 32.

[3] Wood practices under the name "Nadia Wood."  Ver. Compl. ¶ 14.

"Nadia Wood Blackmail, Chantage,[4] Racket[.]  Did you paid [sic] money to NadiaWood.com, or Nadia Wood?  Investigate Nadia Wood ... Beware of Blackmailer Lawyers of NadiaWood.com."[5]  Id. ¶ 44.

On June 19, 2013, Wood filed suit, alleging claims for (1) copyright, trade dress and service mark infringement; (2) violations of the Anticybersquatting Consumer Protection Act (ACPA); (3) cyberpiracy violations under 15 U.S.C. § 1129; (4) defamation; and (5) tortious interference with prospective economic advantage.  On that same day, Wood moved for a temporary restraining order and preliminary injunction, seeking a court order that the web host redirect the infringing websites pending trial.

A hearing on the request for injunctive relief was held on July 8, 2013.  Defendants failed to appear at the hearing, and the court ordered that they respond within ten days.  See ECF No. 12. Thereafter, defendants moved to dismiss the complaint but did not respond to the motion for preliminary injunction.  See ECF No. 17. On July 23, 2013, the court granted the motion for preliminary injunction.  The court now addresses the motion to dismiss.

---

[4] Wood alleges that "chantage" is the phonetic spelling of a Russian word meaning "blackmail."  Ver. Compl. ¶ 44.

[5] After the court ordered defendants to respond to the motion for preliminary injunction, the information was removed from the website.  See ECF No. 19, at 4 n.4.

4

**DISCUSSION**

## I.   Personal Jurisdiction

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. See Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (citation omitted).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak, 384 F.3d at 984 (citation omitted). "Sufficient contacts exist when [a] defendant's conduct and

connection with the forum state are such that [it] should reasonably anticipate being haled into court there...." Coen, 509 F.3d at 905 (citation and internal quotation marks omitted).

Contacts with the forum state can establish personal jurisdiction under either general or specific jurisdiction. A forum state has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citation and internal quotation marks omitted). General jurisdiction is present when, regardless of the cause of action, a defendant has "continuous and systematic contacts with the forum state." Coen, 509 F.3d at 905 (citation and internal quotation marks omitted). Under either analysis, the Eighth Circuit considers five factors in determining whether personal jurisdiction is present: "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; and to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties." Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc., 65 F.3d 1427, 1432 (8th Cir. 1995) (citations omitted). Here, defendants have no obvious connection to Minnesota, as they have not traveled to nor conducted business in the state. See, e.g., Kapustin Decl. ¶ 8. Wood argues, however, that the court has specific jurisdiction over the defendants as a

result of (1) the maintenance of the websites by the defendants and (2) the effects of the defendants' conduct being felt in Minnesota.

### A.    Registration and Maintenance of Websites

Wood first argues that the registration and maintenance of the websites provides sufficient contacts to confer personal jurisdiction.  See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (establishing test for evaluating personal jurisdiction in the context of Internet-based activities). "When considering the sufficiency of internet contacts under a specific jurisdiction analysis, [the Eighth Circuit has] found the Zippo test instructive." Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010) (citation omitted).  The Zippo test applies a sliding scale to measure the interactivity of a website and, thus, the likelihood that the website confers personal jurisdiction.  See id. The sliding-scale approach runs "from active contract formation and repeated transmission of computer files to mere posting of information on a website."  Id. (citation omitted).

Here, Wood argues that the website at issue was interactive, as it included an email address - investigatenadiawood@gmail.com - and a form page where users could submit their name, address, phone number, email and comments. Ver. Compl. ¶ 44, Illustration 5.  For a website to trigger personal jurisdiction, however, a higher degree of interactivity is required.  See Johnson, 614 F.3d at 796 (finding website insufficient to confer personal jurisdiction where

"users may actually only post information."); Greenbelt Res. Corp. v. Redwood Consultants, LLC, 627 F. Supp. 2d 1018, 1027 (D. Minn. 2008) (finding website insufficient to confer personal jurisdiction where users were able to "fill out and submit an electronic form to contact or request information"). Because of the lack of interactivity, the websites - without more - are insufficient to confer personal jurisdiction in Minnesota.

**B.   Effects of Defendants' Conduct**

Wood next argues that personal jurisdiction over defendants exists according to the "effects" test set forth by Calder v. Jones, 465 U.S. 783 (1984). The Calder test "allows the assertion of personal jurisdiction over non-resident defendants whose acts are performed for the very purpose of having their consequences felt in the forum state." Dakota Indus., 946 F.2d at 1390-91 (citation and internal quotation marks omitted). In other words, a forum state may obtain specific jurisdiction over a defendant who commits tortious acts "where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered - and which the defendant knew was likely to be suffered - [in the forum state]." Johnson, 614 F.3d at 796 (alteration in original) (citation omitted).

Wood argues that defendants committed acts intended to harm her professional reputation as an attorney in Minnesota.

8

Specifically, Wood argues that defendants knew that she practiced law in Minnesota and included her Minnesota address on the websites at issue.  See Ver. Compl. at Illustration 5.  Such statements, however, are not "uniquely or expressly" aimed at the forum state. See Johnson, 614 F.3d at 796 (finding that allegedly-defamatory statement noting that plaintiff's business was located in Missouri was insufficient to demonstrate that defendant "uniquely or expressly aimed her statements at Missouri").  Moreover, the Eighth Circuit "construe[s] the Calder effects test narrowly, and hold[s] that, absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction."  Id. at 797 (citation omitted).  As a result, Wood cannot demonstrate personal jurisdiction under Calder.  In sum, the court has considered the personal jurisdiction factors[6] and finds that dismissal for lack of personal jurisdiction is warranted.  The court will dismiss the complaint without prejudice, however, to allow Wood to file in an appropriate forum state.

## II. Preliminary Injunction

On July 23, 2013, the court granted Wood's motion for preliminary injunction.  As already explained, however, the court

---

[6] Wood also argues that the interest of the forum state and the convenience of the parties both weigh in favor of a finding of personal jurisdiction.  As already mentioned, however, even if those factors did favor jurisdiction, they are less important than the other factors that strongly weigh against a finding of personal jurisdiction.  See Wessels, Arnold & Henderson, 65 F.3d at 1432 As a result, this argument is unavailing.

lacks personal jurisdiction over the defendants.  As a result, the previous order granting the motion for preliminary injunction is hereby vacated.  See Booker v. Special Sch. Dist. No. 1, 585 F.2d 347, 352 (8th Cir. 1978) ("There is no question that in a proper case a federal district court that has issued an injunction may vacate it or modify it....").

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motion to dismiss [ECF No. 17] is granted, without prejudice;

2.    The order granting the motion for preliminary injunction [ECF No. 19] is hereby vacated.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 17, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court