UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-1495(DSD/TNL)

Nadezhda V. Wood,

       Plaintiff,

v.                                                 **ORDER**

Sergey Kapustin, Irina Kapustina,
Mikhail Goloverya, Global Auto,
Inc., G Auto Sales, Inc., Effect
Auto Sales, Inc.,

       Defendants.

    Nadezhda V. Wood, Esq., 500 Laurel Avenue, St. Paul, MN 55102.

    Nicholas M. Wenner, Esq., Boris Parker, Esq. and Parker & Wenner, 100 South Fifth Street, 2100 Fifth Street Towers, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the pro se motion to alter judgment by plaintiff Nadezhda V. Wood. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this matter is fully set forth in previous orders, and the court recites only those facts necessary to resolve the instant motion. On June 19, 2013, Wood filed this action against defendants Sergey Kapustin, Irina Kapustina, Mikhail Goloverya, Global Auto, Inc., G Auto Sales, Inc. and Effect Auto

Sales, Inc. (collectively, defendants), alleging claims for (1) copyright, trade dress and service mark infringement; (2) violations of the Anticybersquatting Consumer Protection Act (ACPA); (3) cyberpiracy violations under 15 U.S.C. § 1129; (4) defamation; and (5) tortious interference with prospective economic advantage.  On that same day, Wood moved for a temporary restraining order and preliminary injunction, seeking a court order directing defendants to take down allegedly-infringing websites pending trial.

After defendants did not appear at the hearing on the request for injunctive relief, the court granted the motion for preliminary injunction.  Thereafter, defendants moved to dismiss for lack of personal jurisdiction.  On January 17, 2014, the court granted the motion to dismiss and vacated its prior order.  Wood now moves to alter the judgment and for relief from judgment.

**DISCUSSION**

Wood moves to alter judgment under Rule 59(e) and for relief from judgment under Rule 60(b).  The court considers such motion only under Rule 59(e) "because any motion that draws into question the correctness of the judgment is functionally a motion under [Rule 59(e)], whatever its label."  Norman v. Ark. Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citations and internal quotation marks omitted).  "A district court has broad discretion in

determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) ...." <u>United States v. Metro. St. Louis Sewer Dist.</u>, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." <u>Id.</u> (citation and internal quotation marks omitted). "In other words, [s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." <u>Id.</u> (citation and internal quotation marks omitted).

Wood argues that newly discovered evidence demonstrates that defendants have substantial contacts with Minnesota, such that the court now has personal jurisdiction over the defendants. Specifically, Wood argues that, by hiring Minnesota-based attorney Boris Parker in this matter and other matters in New York and New Jersey, defendants have established a sufficient connection with Minnesota for purposes of personal jurisdiction. Such an argument is unavailing.

Contacts with the forum state can establish personal jurisdiction under either general or specific jurisdiction. A forum state has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within that state. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (citation and internal quotation marks omitted). General

jurisdiction is present when, regardless of the cause of action, a defendant has "continuous and systematic contacts with the forum state." Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (citation and internal quotation marks omitted). Under either principle, the Eighth Circuit considers five factors in determining whether personal jurisdiction is present: "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; and to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties." Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc., 65 F.3d 1427, 1432 (8th Cir. 1995) (citations omitted).

Wood argues that, after the court dismissed this matter for lack of personal jurisdiction, Parker has represented defendants by (1) appearing pro hac vice in New Jersey court, (2) filing pleadings and other court documents and (3) contacting opposing parties on defendants' behalf.[1] As explained in the court's January 17, 2014, order, however, defendants have neither traveled to nor conducted business in Minnesota. Moreover, the retention of a Minnesota attorney does not amount to a continuous and systematic

---

[1] Wood also argues that several actions taken by Parker before the court's January 17, 2014, order confer personal jurisdiction. Such arguments, however, do not present newly-discovered evidence and could have been raised before the court entered judgment. See Metro St. Louis Sewer, 440 F.3d at 933. As a result, any argument based on actions occurring before January 17, 2014, is without merit.

contact sufficient to confer general jurisdiction over the defendants. See, e.g., In re Chinese Manufactured Drywall Prods. Liab. Litig., 767 F. Supp. 2d 649, 675-76 (E.D. La. 2011) (collecting cases and "declin[ing] to base general personal jurisdiction over [defendants] on the basis of its hiring of forum ... lawyers"). As a result, Wood's argument regarding general jurisdiction is unavailing.

Wood also argues that specific jurisdiction is present because defendants have moved to disqualify her from representing adverse parties on the basis of Wood's allegations in the instant matter. Wood's causes of action against the defendants, however, in no way arise out of or relate to defendants' retention of Parker as counsel in this and other matters. See Coen, F.3d at 905. As a result, the argument that newly-discovered evidence impacts the court's jurisdictional analysis is without merit, and denial of the Rule 59(e) motion is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to alter or amend the judgment [ECF No. 39] is denied.

Dated:  July 28, 2014

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court